IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHARLES DAVID BROWN | § | |
| v. | § | CIVIL ACTION NO. 9:09cv114 |
| CAPTAIN ENGLISH, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Charles Brown, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brown's civil rights lawsuit complained of an improper disciplinary case and asked that this case be overturned. He asked that his classification status be restored, that the case be removed from his record and 364 days of good time credit returned to him, and that he receive a declaratory judgment and unspecified injunctive relief.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed without prejudice until such time as Brown could show that the disciplinary case had been overturned, expunged, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. The Magistrate Judge noted that the Fifth Circuit has held that prisoners cannot seek recovery of good time credits in a civil rights lawsuit, because such credits could implicate the fact or length of confinement and thus fall within the ambit of habeas corpus. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998). Consequently, the

1

Magistrate Judge recommended that Brown's lawsuit be dismissed without prejudice to Brown's right to seek habeas corpus relief concerning this disciplinary conviction.

Brown filed objections to the Magistrate Judge's Report on October 8, 2009. In his objections, Brown says that he is not a lawyer, but that he wishes to persuade the Court not to bar his claim from *de novo* review. He asks for 190 days, the remaining length of his confinement, to challenge the disciplinary decision through the vehicle of a Section 1983 lawsuit, but does not mention the Magistrate Judge's conclusion that a Section 1983 lawsuit is the wrong vehicle to bring a claim which could potentially result in the restoration of lost good time, with a concomitant effect upon the length of time which Brown must spend in confinement. Finally, Brown says that he could be entitled to at least nominal damages, reiterating that the length of his confinement will not matter in 190 days; however, this does not change the fact that at the present time, a favorable ruling on the lawsuit could result in a shortening of this time period, and so the claim properly sounds in habeas corpus. Brown's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights action be and hereby is DISMISSED without prejudice, with refiling conditioned upon a showing that the disciplinary case which he challenges has been overturned, set aside, expunged, or called into question through the issuance of a federal writ of habeas corpus. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **27** day of **October, 2009.**

_____
Ron Clark, United States District Judge